O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RICKY D. FUIMAONO, JR., ) | Case No. EDCV 07-00783-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.   Factual and Procedural Background**

    This is an action for judicial review of the Social Security Commissioner's final decision denying Plaintiff Ricky E. Fuimaono, Jr.'s application for supplemental security income benefits under 42 U.S.C. §§ 416(i), 423. Plaintiff was born on April 30, 1985 and alleges disability, due to cystic fibrosis, as of the date of his birth. (Administrative Record ("AR") 11, 42.) Plaintiff has never held a job. (AR 14.) He has a high school education and is able to communicate in English. (*Id.*)

    Plaintiff filed his application for supplemental security income on September 30, 2004. (AR 11.) The claim was denied initially and on

reconsideration. (*Id.*) Plaintiff appeared with counsel and testified at a hearing held on December 12, 2006 before Administrative Law Judge Jay E. Levine. (*Id.*) Sandra M. Fioretti, a vocational expert, also testified at the hearing. (*Id.*)

In a decision dated February 2, 2007, ALJ Levine determined that Plaintiff had not been under a "disability" as defined by the Social Security Act since the date the application was filed. (AR 15.) ALJ Levine found Plaintiff capable of engaging in sedentary work, with limitations. (AR 13-14.) Based on the vocational expert's testimony, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff could perform. (AR 13-14.) These were mainly non-skilled jobs involving assembling or sorting small products. The Appeals Council denied review of ALJ Levine's decision on April 27, 2007. (AR 3.)

Plaintiff commenced this action on June 27, 2007, raising two claims: (1) that the ALJ improperly evaluated the medical evidence, and (2) that the ALJ improperly discounted Plaintiff's subjective complaints in determining that he is capable of sedentary work with limitations. (Joint Stipulation ("JS") at 3.) Plaintiff seeks a remand to the Social Security Administration for further proceedings. (JS at 13.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support

a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion and Analysis**

    **A.   The ALJ Properly Evaluated the Medical Evidence**

Plaintiff first contends that the ALJ improperly evaluated the medical evidence. Plaintiff seems to advance two principal arguments. First, he contends that the ALJ erred at step three of the sequential evaluation process by improperly determining that Plaintiff's impairment does not meet or equal listed impairment 3.04C, 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. (JS at 5.) Second, Plaintiff contends that the ALJ improperly rejected the opinions of Plaintiff's treating physician and social worker without providing adequate reasons. (JS at 5-6.) Each contention is considered in turn.

        **1.   Acceptable Medical Evidence Does Not Demonstrate that Plaintiff Meets or Equals Listing 3.04C**

At step three in the five-step sequential evaluation process, the ALJ considers whether a claimant has an impairment or combination of impairments that meets or medically equals a listed impairment. 20

C.F.R. § 416.1920(a)(4)(iii). Cystic fibrosis alone is not a listed impairment. *See* 3.04, 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. But cystic fibrosis, along with objective evidence of certain described symptoms, does constitute a listed impairment. *Id*. Under listing 3.04C, the listing relevant to this case, a claimant must demonstrate:

> Persistent pulmonary infection accompanied by superimposed, recurrent, symptomatic episodes of increased bacterial infection occurring at least once every 6 months and requiring intravenous or nebulization antimicrobial therapy.

At the hearing, Plaintiff's lawyer presented the ALJ with a letter from Julia Greenwald, a social worker at the Cystic Fibrosis Center of Miller Children's Hospital, where Plaintiff had been treated, describing Plaintiff's condition. Greenwald wrote:

> I believe this patient meets the Social Security listing for disability (Section 3.04C) because he is being treated with nebulized antimicrobial therapy (known as TOBI) twice per day, and, in addition, his medical conditions, in combination, are medically equivalent of the severity set forth above in 3.04C of the Social Security listing.

(AR 155-56.) When Plaintiff's counsel presented Greenwald's letter to the ALJ, he informed the ALJ that the letter "addresses actually listing 3.04(c) [sic] Your Honor, and suggests that perhaps [Plaintiff] meets the requirements of that." (AR 188.) Plaintiff's counsel explained that listing 3.04C concerns nebulizing antimicrobial therapy, which is part of Plaintiff's treatment. (*Id*.) Plaintiff's counsel also said, "the requirement for [nebulized antimicrobial therapy under] 3.04(c) is every six months. Well, [Plaintiff is] on this six times a year, every two months. ... I think it's very, very close to meeting the requirements of

that listing." (AR 188.)

In his decision, the ALJ did not comment on whether or not Plaintiff met or equaled listing 3.04C. He merely stated that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 13.) That constitutes the whole of the ALJ's analysis at step three.

Plaintiff contends that the ALJ erred at step three by "summarily concluding without any proper discussion or consideration and development that Plaintiff's condition does not meet or equal the requirement of Listing 3.4c [sic]."[1] An ALJ is required to adequately explain the basis for his or her determination that an applicant's impairments do not equal a listing. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, an ALJ is not required to "state why a claimant failed to satisfy every different section of the listing impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Accordingly, a well-developed discussion of the factual basis of a claimant's impairments elsewhere in a hearing decisions may under certain circumstances support an unexplained finding of no medical equivalence at step three. *Gonzalez*, 914 F.2d at 1201 (finding an ALJ's four-page summary of the record an adequate basis for unexplained statement that the applicant's impairments did not meet or equal any listing). Here, the ALJ did not provide a well-developed discussion of Plaintiff's impairments elsewhere in his decision which would make his summary denial at step three reasoned. However, this does not mean that

---

[1] As the Social Security Regulations provide, "If [an applicant's] impairment(s) does not meet the criteria of a listing, it can medically equal the criteria of a listing." 20 C.F.R. § 404.1525(c)(5).

Plaintiff is entitled to relief on this claim.

"A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Assuming that the ALJ did err at step three, such error was harmless because Plaintiff has failed to demonstrate that his condition actually meets or is medically equivalent to listing 3.04C. Indeed, a review of the record fails to disclose any evidence that Plaintiff suffers from recurrent, symptomatic episodes of increased bacterial infection occurring once every six months. There is no indication of such an infection at all.

Moreover, there is no showing that his condition might be medically equivalent to the listing. To show medical equivalence, a claimant must generally establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment.[2] *Tacket v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Such symptoms, signs, and findings are not demonstrated here in either the pleadings or record. The medical record demonstrates only that Plaintiff has cystic fibrosis and is on nebulized antimicrobial treatments, not that his condition has routinely reached the acute

---

[2] More specifically, medical equivalence can be found when any of three circumstances exist: (1) where the applicant does not exhibit one or more of the findings specified in the particular listing or one or more of the findings is not as severe as specified in the particular listing, but where there are other findings related to the impairment that are at least of equal medical significance to the required criteria; (2) if the impairment from which the applicant suffers is not listed, but is medically equivalent to a listed impairment; or (3) through a combination of impairments, not one of which meets a listed impairment, but which are of equal medical significance to a listed impairment. 20 C.F.R. § 404.1526(b).

6

levels of infection contemplated by listing 3.04C.[3] Plaintiff even told the ALJ that his routine nebulized antimicrobial treatments are administered to prevent an infection, not to treat an ongoing infection. (AR 182.)

In addition, Greenwald's opinion that Plaintiff meets listing 3.04C is not binding as it is not an "acceptable source" of medical evidence. 20 C.F.R. § 404.1513 (social workers not among listed acceptable sources); *see also Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996)(nurse practitioner an acceptable medical source only when working "closely under the supervision" of a physician). Absent medical evidence that Plaintiff's impairment meets or medically equals listing 3.04C, any error that the ALJ may have made in his analysis is harmless and is not a basis for remand.

### 2. The ALJ Did Not Reject the Opinions of Plaintiff's Treating Physician

Plaintiff further contends that the ALJ improperly rejected the opinion(s) of Plaintiff's treating physician, Dr. Carlos Maggi.[4] It is unclear which opinion(s) Plaintiff means. Plaintiff cites only a single written opinion in the Joint Stipulation: a statement by Dr. Maggi that treatment for Plaintiff's cystic fibrosis is "both time and labor

---

[3] For example, on August 3, 2004, a physician deemed Plaintiff to be "doing well," with no respiratory symptoms. (AR 120.) On November 9, 2004, Plaintiff was also deemed to be "doing well," with no indication of pulmonary infection. (AR 118.) Another doctor deemed Plaintiff to be "doing well" on September 27, 2005. (AR 163.)

[4] Plaintiff also contends that the ALJ's rejection of Greenwald's opinion without providing an explanation was erroneous. As discussed above, Greenwald's opinion is not considered acceptable medical evidence. *See also Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999)(acceptable medical opinion must be supported by clinical or laboratory findings). Plaintiff's argument accordingly has no merit.

intensive." (JS at 5.) That statement described chest physical therapy ("CPT"), a treatment that removes mucus from the lungs. (AR 110.) Dr. Maggi went on to write about "The Vest" – a portable machine which vibrates to free mucus from the lungs – as an alternative to CPT. (*Id.*) Plaintiff testified that he uses "The Vest" to clear mucus from his lungs. (AR 185.) Dr. Maggi's opinion on the time and labor intensive nature of CPT now seems irrelevant in light of Plaintiff's use of "The Vest."

Notwithstanding the questionable relevance of Dr. Maggi's opinion on CPT, there is no indication that the ALJ rejected any portion of Dr. Maggi's evaluation of Plaintiff's condition. The ALJ recognized the severity of Plaintiff's cystic fibrosis in deciding that he could perform sedentary work with limitations. Nowhere did he reject any opinions proffered by Dr. Maggi. Plaintiff has failed to make out a case that the ALJ rejected – let alone improperly rejected – the opinion of Dr. Maggi.

**B.   The ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain**

Plaintiff contends that the ALJ failed to properly evaluate his subjective complaints of pain in determining that he is capable of engaging in a limited range of sedentary work. (JS at 9-11.) At the hearing, Plaintiff stated that he cannot work outside the house due to a propensity to become sick when in contact with other people. (AR 183.) The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AR 14.) In support of this finding, the ALJ noted that Plaintiff's condition is

stable and controlled with medication. (AR 14.) The ALJ further noted that while Plaintiff does well when he does not interact with other people consistently, there is no evidence that he must avoid all exposure to others. (*Id.*)

The ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony."[5] *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc); *see also* 42 U.S.C. § 405(g)("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Here, the ALJ specifically identified the stability of Plaintiff's condition as inconsistent with the Plaintiff's statements that he could not work at all outside of his home. (AR 183.) Further, the ALJ credited Plaintiff's concerns over his exposure to other individuals in the workplace, but

---

[5] Social Security Regulation 96-7p identifies the types of evidence that may be used, in addition to the objective medical evidence, to assess a claimant's credibility:
1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at * 3.

found that they were overstated. Plaintiff does not cite any objective evidence in the record inconsistent with this finding. Nor has the Court identified any. Notwithstanding, the ALJ did in fact place a limitation on Plaintiff's contact with other individuals in both the determination of Plaintiff's residual functional capacity and in the hypothetical posed to the vocational expert. (AR 13, 193.) It is clear that the ALJ "rejected [Plaintiff's] testimony on permissible grounds and did not arbitrarily discredit" that testimony. *Bunnell*, 947 F.2d at 345-46.

## IV. Conclusion

For the reasons stated above, the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is **GRANTED.**

DATED: April 14, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge